UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BARBARA IRVING.                              JURY TRIAL DEMANDED

v.                                           CASE NO. 3:10CV

MICHAEL P. TEODOSIO
BRADFORD DALEY

COMPLAINT

1. Plaintiff seeks relief pursuant to the federal Credit Repair Organizations Act (CROA), 15 U.S.C. § 1679, which regulates the conduct of credit repair organizations, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., the Connecticut Consumer Collection Agency Act, Conn. Gen. Stat. § 36a 800 et seq.; the Creditors' Collection Practices Act, § 36a-645 et seq.; the Connecticut Credit Clinics Act, Conn. Gen. Stat. §36a-700, the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a, conversion pursuant to common law and Conn. Gen. Stat. §52-564, or common law breach of contract.

2. The Court has jurisdiction. 28 U.S.C. §1331, §1337, and § 1367.

3. Plaintiff is a natural person who resides in CT.

4. Defendant Teodosio is a Connecticut resident with a place of business at 388 East Main St Suite 11, Branford CT 06405.

5. Teodosio is a principal of companies located at the Branford CT address, including True Debt Relief, LLC and National Credit Masters, Inc.

6. National Credit Masters, Inc. is a credit restoration/credit repair service.

7. True Debt Relief is a debt elimination service.

8. Teodosio's internet sites include nationalcm.com, goodbyedebtnow.com, and

integritydebtreliefgroup.com.

9. Teodosio is associated with Liberty Credit Repair Consultants, LLC and National Credit Masters, Inc. of Westerly RI.

10. Through True Debt Relief, Teodosio operates with a principal company, CMS, which purports to assume the liability of his customers.

11. CMS is Court Mediation Services, in Alabama

12. Bradford Daley, who is the principal of CMS, communicated with plaintiff in Connecticut in furtherance of the program he devised and operates in Connecticut with the cooperation and participation of Teodosio.

13. Bradford Daley drafted various documents sprinkled with legal citations used in conjunction with the program for use by plaintiff and other customers of Teodosio.

14. As Teodosio explained to plaintiff in March, 2009, the program involved assigning her debts to a third party, Bradford Daley, who would provide a payment check from funds provided by plaintiff to her creditors with a novation printed on the back of the check. Creditors who ignored the novation would be subject to legal penalties. Fees for the program could be paid by charging the fees to the credit cards that would be assigned to Daley.

15. Teodosio repeatedly assured plaintiff that the system was legal and foolproof and that the defendants would handle collection attempts and make the collectors pay for collection attempts.

16. Teodosio explained that plaintiff's credit would be adversely affected for a time, but after a few months he would have all the adverse credit marks removed.

17. At the time he made these representations to plaintiff, Teodosio personally knew

that the program had not worked for himself (American General Financial Services v. Teodosio, Docket CV-086002899S (Superior Court, New Haven CT), or for other customers.

18. Plaintiff paid some $11,000 in fees to Teodosio, who shared them with Daley.

19. Defendants represented that they would eliminate plaintiff's liability on some $175,000 in credit card debt to eight creditors, including Citibank.

20. Defendants did not attempt to communicate with Citibank, because they knew Citibank immediately sues anyone who operates through a debt settlement program other than a bona fide credit counseling service.

21. Defendants' program was not a bona fide credit counseling service.

22. Thereafter, plaintiff began receiving collection demands which she dutifully turned over to Teodosio for handling.

23. Daley provided legal advice to plaintiff by sending her a 13-page letter to submit to the collection agency that attempted to collect her Sears account.

24. When plaintiff refused to use the letter, he provided another letter for her to send.

25. On January 10, 2010, Daley falsely assured plaintiff that all services "have been and are been [sic] performed." Further:

> As regard the case which concerns you at this time, an offer on your Sears credit card account # [xxxx] in the name of Barbara Irving, was presented to Sears by CMS, including a consideration check, on 9/29/09 and accepted through cashing of the check on 8/3/09, which created very favorable new terms and conditions. Since then, everything has gone as expected. Consider the fact that if Sears credited negative reports every month to all 3 credit reporting agency's, they hae incurred $7500 per mnth in penalties for each montyh. That should be a very comforting thought for you, knowing this can be used as the basis for a setoff claim should asuit be threatened or filed."

26. Defendants knew or should have known that their representations to plaintiff were

deceptive or misleading.

27. Defendants have a pattern or practice of misrepresenting their ability to eliminate debts.

28. Defendants' operations have been the subject of numerous complaints about not providing the services promised.

29. Plaintiff's credit and credit reports were severely adversely affected, which will haunt plaintiff for at least the next seven years.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, statutory, compensatory and punitive.

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

2. Award declaratory and injunctive relief, and such other and further relief as law or equity may provide.

        THE PLAINTIFF

        BY___/Joanne S. Faulkner__
        JOANNE S. FAULKNER ct04137
        123 AVON STREET
        NEW HAVEN, CT 06511-2422
        (203) 772-0395
        faulknerlawoffice@snet.net