UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BARBARA IRVING.

v.                                                          CASE NO. 3:10CV 320 (MRK)

MICHAEL P. TEODOSIO
BRADFORD DALEY                                              July 10, 2010

## PLAINTIFF'S OBJECTION TO SECOND EXTENSION

Plaintiff objects to defendant Daley's second motion for extension to respond to discovery served May 12, 2010, since it is moot. Daley provided his responses, which consist of an inexplicable invocation of his privilege against self incrimination to every request. See attached. Plaintiff respectfully requests that the Court promptly convene a telephonic conference on the discovery issues. Daley has not even yet complied with his obligation to provide initial discovery. The settlement conference is scheduled for July 21, and Daley's deposition is set for July 22, 2010. Discovery is needed well before either date.

"District courts should not countenance 'purposeful sluggishness' in discovery on the part of parties or attorneys. . . ." Residential Funding Corp. v. DeGeorge Financial Corp., 306 F.3d 99, 113 (2d Cir. 2002).

### CONCLUSION

The second dilatory last-minute request for extension should be denied as moot

                THE PLAINTIFF

                BY____/s/ Joanne S. Faulkner___
                JOANNE S. FAULKNER ct04137
                123 Avon Street
                New Haven, CT 06511-2422
                (203) 772-0395
                    j.faulkner@snet.net

Certificate of Service

I hereby certify that on July 10, 2010, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    \_\_\_\_/s/ Joanne S. Faulkner\_\_\_
JOANNE S. FAULKNER ct04137
    123 Avon Street
    New Haven, CT 06511-2422
    (203) 772 0395
      j.faulkner@snet.net

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BARBARA IRVING,

        Plaintiff,

v.

MICHAEL P. TEODOSIO and
BRADFORD DALEY,

        Defendants.

Civ. No. 3:10-cv-00320-MRK

July 9, 2010

## DEFENDANT BRADFORD DALEY'S OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. Pro. 33, the defendant, Bradford Daley, responds to the Plaintiff's First Set of Interrogatories, as follows:

### GENERAL OBJECTIONS

Defendant Daley objects to these discovery requests on the ground that a response may violate the defendant's privilege against self-incrimination guaranteed by the Fifth Amendment of the United States Constitution.

### INTERROGATORIES

1. State the name and address of the clients you had in Connecticut prior to April 2009, per your Affidavit.

### OBJECTION:

**Defendant respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

2. State the name and address of all other Connecticut persons and entities with you have been in contact with regard to debt settlement, debt repair, debt elimination, or debt negotiations since 2005.

**OBJECTION:**

**Defendant respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

3. State the inclusive dates of your ownership of CMS, and identify (name, address) the person(s) to whom you transferred the entity.

**OBJECTION:**

**Defendant respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

4. State the name and address of any servicer or other person or entity that participated in the operation of CMS during your tenure as principal, including by responding to e-mail or other providing other customer service.

**OBJECTION:**

**Defendant respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

5. Provide the names and addresses of all persons to whom CMS outsourced processing or customer service, and identify the name and street address of the entity by whom such persons were employed.

**OBJECTION:**

**Defendant respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

6. Provide the names and addresses of all Connecticut redsidents who became customers of CMS or any CMS authorized agency, branch office, franchisee, affiliate or the like.

**OBJECTION:**

**Defendant respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

7. State the name and address of each person in Connecticut with whom you entered a novation agreement since 2005.

**OBJECTION:**

**Defendant objects to this interrogatory on the ground that it is unduly vague. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

8. Identify each person in Connecticut who completed the CMS program successfully.

**OBJECTION:**

**Defendant objects to this interrogatory on the ground that it is unduly vague. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

9. Identify each person in Connecticut that received pleading templates or sample letters from you since 2005.

**OBJECTION:**

**Defendant objects to this interrogatory on the ground that it is overbroad and irrelevant to the claims and defenses in this action. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

10. Identify each entity that has honored any novation proffered by you or CMS other than by cashing checks.

**OBJECTION:**

**Defendant objects to this interrogatory on the ground that it is irrelevant to the claims and defenses in this action. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

11. Identify each entity that you refrain from sending novation checks to, based on your experience.

**OBJECTION:**

**Defendant objects to this interrogatory on the ground that it is irrelevant to the claims and defenses in this action. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

12. Explain why creditors who ignored the novation would be subject to legal penalties and specify from what laws the penalties would derive.

**OBJECTION:**

**Defendant objects to this interrogatory on the ground that it calls for legal conclusions and is irrelevant to the claims and defenses in this action. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

DEFENDANT
BRADFORD DALEY

By: _____
Jonathan D. Elliot (ct05762)

Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd., Suite 500
Bridgeport, CT 06604
Tel: (203) 333-9441
Fax: (203) 333-1489
e-mail: jelliot@znclaw.com

Attorney for Defendant
Bradford Daley

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BARBARA IRVING,

    Plaintiff,

v.

MICHAEL P. TEODOSIO and
BRADFORD DALEY,

    Defendants.

Civ. No. 3:10-cv-00320-MRK

July 9, 2010

## DEFENDANT BRADFORD DALEY'S OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Pursuant to Fed. R. Civ. Pro. 34, the defendant, Bradford Daley, responds to the Plaintiff's Request for Production, as follows:

### GENERAL OBJECTIONS

Defendant Daley objects to these discovery requests on the ground that a response may violate the defendant's privilege against self-incrimination guaranteed by the Fifth Amendment of the United States Constitution. By asserting such objection, defendant is not representing that any particular responsive documents exist or that any such documents are within the defendant's possession, custody or control.

1. All documents concerning the debt relief file for plaintiff.

**OBJECTION:**

Defendant objects to this request on the ground that it is unduly vague. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.

2. All documents concerning the debt relief file for Mr. or Mrs. O'Neill, Guilford, CT.

**OBJECTION:**

Defendant objects to this request on the ground that it is wholly irrelevant to the claims and defenses in the action. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.

3. All records of emails and phone calls with defendant Teodosio concerning the Irving matter.

**OBJECTION:**

Defendant respectfully invokes his privilege against self-incrimination and objects to this request on that ground.

4. All telephone or other documents showing calls to Connecticut since 2005.

**OBJECTION:**

Defendant objects to this request on the ground that it is wholly irrelevant to the claims and defenses in the action. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.

5. All documents reflecting your income from any debt settlement, debt repair, debt elimination, or debt negotiation service in the last five years, such as 1099's or W-2s.

**OBJECTION:**

Defendant objects to this request on the ground that it is overbroad, unduly burdensome, represents an unwarranted intrusion into the defendant's financial privacy and is wholly irrelevant to the claims and defenses in this

action. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.

6. All promotional documents you distributed for any debt settlement, debt repair, debt elimination, or debt negotiation service since 2005 including internet sites.

**OBJECTION:**

Defendant objects to this request on the ground that it is unduly vague. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.

7. All your contracts or agreements with any business operated by Teodosio.

**OBJECTION:**

Defendant objects to this request on the ground that it is unduly vague. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.

8. All your contracts or agreements with any Connecticut branch office, franchise, or agency of CMS.

**OBJECTION:**

Defendant objects to this request on the ground that it is unduly vague. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground. Without waiving such objection, defendant states that he possesses no such materials.

9. Leases for Whitesville Rd, Columbus GA and 3928 US Highway 80 West, Phenix AL.

OBJECTION:

Defendant respectfully invokes his privilege against self-incrimination and objects to this request on that ground.

10. All CMS Authorized Agent Agreements with Connecticut persons or entities.

OBJECTION:

Defendant objects to this request on the ground that it is unduly vague. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.

11. All CMS Purchase Agreements with Connecticut persons or entities.

OBJECTION:

Defendant objects to this request on the ground that it is unduly vague. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.

12. All Novation agreements with Connecticut persons.

OBJECTION:

Defendant objects to this request on the ground that it is unduly vague. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.

13. All Notice of Assignment of Debt with persons who listed a Connecticut address.

OBJECTION:

Defendant respectfully invokes his privilege against self-incrimination and objects to this request on that ground.

14. All persons in Connecticut from whom you or CMS received a startup fee.

**OBJECTION:**

**Defendant objects to this request in that it does not seek the production of an existing document and is unduly vague. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

15. The format or template of all cover letters to third parties within the last three years sent with payment pursuant to the Notice of Assignment of Debt agreement.

**OBJECTION:**

**Defendant objects to this request as unduly vague, overbroad, unduly burdensome and irrelevant to the claims and defenses in this action. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

16. All court decisions regarding the effectiveness of the CMS debt elimination program or the validity and legal effect of the Daley novations.

**OBJECTION:**

**Defendant objects to this request on the ground that it is unduly vague and irrelevant to the claims and defenses in this action. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

17. All written complaints from any source, including individuals, the Better Business Bureau, state or federal agencies, as to the CMS program.

**OBJECTION:**

**Defendant objects to this request on the ground that it is overbroad and irrelevant to the claims and defenses in this action and is intended merely to annoy, oppress and/or harass. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

        DEFENDANT
        BRADFORD DALEY

By: _____
        Jonathan D. Elliot (ct05762)

        Zeldes, Needle & Cooper, P.C.
        1000 Lafayette Blvd., Suite 500
        Bridgeport, CT 06604
        Tel: (203) 333-9441
        Fax: (203) 333-1489
        e-mail: jelliot@znclaw.com

Attorney for Defendant
Bradford Daley

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BARBARA IRVING, : | |
|         Plaintiff, : | |
| v. : | Civ. No. 3:10-cv-00320-MRK |
| MICHAEL P. TEODOSIO and : BRADFORD DALEY, : | |
| : | July 9, 2010 |
|         Defendants. : | |

DEFENDANT BRADFORD DALEY'S RESPONSES
TO PLAINTIFF'S REQUEST FOR ADMISSIONS

Pursuant to Fed. R. Civ. Pro. 36, the defendant, Bradford Daley, responds to the Plaintiff's Request for Admissions, as follows:

GENERAL OBJECTIONS

Defendant Daley objects to these discovery requests on the ground that a response may violate the defendant's privilege against self-incrimination guaranteed by the Fifth Amendment of the United States Constitution.

1. Through True Debt Relief, Teodosio operates with a principal company, CMS, which purports to assume the liability of his customers.

OBJECTION:

**Defendant objects to this request on the ground that it is unduly vague. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

    2.    CMS is Court Mediation Services, in Alabama.

**OBJECTION:**

**Defendant objects to this request on the ground that it is unduly vague. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

    3.    Bradford Daley, as the principal of CMS, communicated with persons in Connecticut in furtherance of the debt elimination program he devised and operates in Connecticut with the cooperation and participation of Teodosio.

**OBJECTION:**

**Defendant objects to this request on the ground that it is unduly vague. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

    4.    Bradford Daley drafted various documents sprinkled with legal citations used in conjunction with the program for use by plaintiff and other customers of Teodosio.

**OBJECTION:**

**Defendant objects to this request on the ground that it is unduly vague. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

    5.    Daley's debt elimination program involved assigning debts to Bradford Daley, who would provide a payment check from funds provided by debtors to their creditors with a novation printed on the back of the check.

**OBJECTION:**

**Defendant objects to this request on the ground that it is unduly vague. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

6. Daley claimed that Creditors who ignored the novation would be subject to legal penalties.

**OBJECTION:**

**Defendant respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

7. Daley accepted fees for the program by debtor's charging the fees to the credit cards that would be assigned to Daley.

**OBJECTION:**

**Defendant respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

8. Teodosio repeatedly assured plaintiff that the system was legal and foolproof and that the defendants would handle collection attempts and make the collectors pay for collection attempts.

**OBJECTION:**

**Defendant respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

9. Teodosio explained that plaintiff's credit would be adversely affected for a time, but after a few months he would have all the adverse credit marks removed.

**OBJECTION:**

**Defendant respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

10. At the time he made these representations to plaintiff, Teodosio personally knew that the program had not worked for himself (American General Financial Services v. Teodosio, Docket CV-086002899S &Superior Court, New Haven CT), or for other customers.

**OBJECTION:**

**Defendant respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

11. Plaintiff paid some $11,000 in fees to Teodosio, who shared them with Daley.

**OBJECTION:**

**Defendant respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

12. Defendants represented that they would eliminate plaintiff's liability on some $175,000 in credit card debt to eight creditors, including Citibank.

**OBJECTION:**

**Defendant respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

13. CMS did not attempt to communicate with Citibank, because Daley was aware that Citibank immediately sues anyone who operates through a debt settlement program other than a bona fide credit counseling service.

**OBJECTION:**

**Defendant respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

14. The CMS program was not a bona fide credit counseling service.

**OBJECTION:**

**Defendant respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

15. Thereafter, plaintiff began receiving collection demands which she dutifully turned over to Teodosio for handling.

**OBJECTION:**

**Defendant objects to this request on the ground that it is unduly vague. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

16. Daley provided legal advice to plaintiff by sending her a 13-page letter to submit to the collection agency that attempted to collect her Sears account.

**OBJECTION:**

**Defendant respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

17. When plaintiff refused to use the letter, he provided another letter for her to send.

**OBJECTION:**

**Defendant respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

18. On January 10, 2010, CMS falsely assured plaintiff that all services "have been and are been [sic] performed." Further:

**OBJECTION:**

**Defendant objects to this request on the ground that it is unduly vague. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

19. As regard the case which concerns you at this time, an offer on your Sears credit card account #[xxxx] in the name of Barbara Irving, was presented to Sears by CMS, including a consideration check, on 9/29.09 and accepted through cashing of the check on 8/3/09, which created very favorable new terms and conditions. Since then, everything has gone as expected. Consider the fact that if Sears credited negative reports every month to all 3 credit reporting agency's, they have incurred $7500 per month in penalties for each month. That should be a very comforting thought for you, knowing this can be used as the basis for a setoff claim should a suit be threatened or filed."

**OBJECTION:**

**Defendant objects to this request on the ground that it is unduly vague. Defendant also respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

20. Defendants knew or should have known that their representations to plaintiff were deceptive or misleading.

**OBJECTION:**

**Defendant respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

21. Defendants have a pattern or practice of misrepresenting their ability to eliminate debts.

**OBJECTION:**

**Defendant respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

22. Defendants' operations have been the subject of numerous complaints about not providing the services promise.

**OBJECTION:**

**Defendant respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

23. Plaintiff's credit and credit reports were severely adversely affected, which will haunt plaintiff for at least the next several years.

**OBJECTION:**

**Defendant respectfully invokes his privilege against self-incrimination and objects to this request on that ground.**

DEFENDANT
BRADFORD DALEY

By: _____
Jonathan D. Elliot (ct05762)

Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd., Suite 500
Bridgeport, CT 06604
Tel: (203) 333-9441
Fax: (203) 333-1489
e-mail: jelliot@znclaw.com

Attorney for Defendant
Bradford Daley