UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BARBARA IRVING.

v.                                              CASE NO. 3:10CV 320 (MRK)

MICHAEL P. TEODOSIO
BRADFORD DALEY                                  July 15, 2010

PLAINTIFF'S RESPONSE TO TEODOSIO OBJECTION

Defendant Teodosio objected to plaintiff's amended complaint on the basis that it does not set forth each theory of recovery in a separate count. Defendant apparently expected plaintiff to set forth the statement of facts (cause of action) and then re-incorporate that statement in a separate count for each theory of recovery. To do so would fly in the face of Fed. R. Civ. P. 10(b): "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." There is no separate transaction or occurrence in this matter.

"For the traditional and hydraheaded phrase 'cause of action' the Federal Rules of Civil Procedure have substituted the word 'claim.' It is used to denote the aggregate of operative facts which give rise to a right enforceable in the courts." Original Ballet Russe, Ltd. v. Ballet Theatre, Inc., 133 F.2d 187, 189 (2d Cir. 1943) ("The complaints at bar do not treat the defendants' acts as separate transactions or occurrences, nor ask for separate judgment against the defendant charged with doing a particular act. All the acts are alleged to be connected by the common purpose and directed to the common end of driving the plaintiff from the theatrical world. We do not think that a separation into counts is necessary to facilitate 'the clear presentation of the matters set forth.'") Id. at 190. See also Backus Plywood Corp. v. Commercial Decal, Inc., 317 F.2d 339, 341 (2d

Cir. 1963) (a theory of recovery is not a cause of action); Lamar Adver., Inc. v. City of Lakeland, 980 F. Supp. 1455, 1458 (M.D. Fla. 1997) ("Since Rule 10(b) is inapplicable to multiple claims arising out of a single transaction, it would be inappropriate to dismiss under Fed.R.Civ.P. 10(b)").

Two additional principles apply. First, plaintiff is the master of her claims. See, e.g., Marcus v. AT&T Corp., 138 F.3d 46, 52 (2d Cir. 1998). She has asserted a single claim. Second, the complaint need not have pled legal theory. "[F]ederal pleading is by statement of claim, not by legal theory." Northrop v. Hoffman of Simsbury, Inc., 134 F.3d 41, 46 (2d Cir. 1997). Separating each legal theory into a separate count, as defendant desires, is improper.

Defendant's Objection is not well founded.

.

                        THE PLAINTIFF

BY_____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT  06511-2422
(203) 772-0395

Certificate of Service

I hereby certify that on July 15, 2010, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.
           ____/s/ Joanne S. Faulkner___
              Joanne S. Faulkner