UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BARBARA IRVING.                                          JURY TRIAL DEMANDED

v.                                                       CASE NO. 3:10CV 320 (MRK)

MICHAEL P. TEODOSIO
BRADFORD DALEY

SECOND AMENDED COMPLAINT

Pursuant to Court Order (Doc. No. 42) and Fed. R. Civ. P. 10(b), plaintiff amends her complaint claiming relief jointly and severally against both defendants as follows:

    1. Plaintiff seeks relief pursuant to the federal Credit Repair Organizations Act (CROA), 15 U.S.C. § 1679, which regulates the conduct of credit repair organizations, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., the Connecticut Consumer Collection Agency Act, Conn. Gen. Stat. § 36a 800 et seq.; the Creditors' Collection Practices Act, § 36a-645 et seq.; the Connecticut Credit Clinics Act, Conn. Gen. Stat. §36a-700, the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42 110a, conversion pursuant to common law and Conn. Gen. Stat. §52-564, or common law breach of contract.

    2. The Court has jurisdiction. 28 U.S.C. §1331, §1337, and § 1367.

THE PARTIES

    3. Plaintiff is a natural person who resides in CT.

    4. Defendant Teodosio is a Connecticut resident with a place of business at 388 East Main St Suite 11, Branford CT 06405.

    5. Bradford Daley is a resident of Alabama.

    6. Daley is the principal of "Court Mediation Services" also known as CMS.

7. Daley devised, promoted or operated the CMS program

8. Teodosio and Daley engaged in a joint venture whereby they promoted to Connecticut residents the CMS "debt elimination" service.

9. Teodosio is also a principal of companies located at the Branford CT address, including True Debt Relief, LLC and National Credit Masters, Inc.

10. National Credit Masters, Inc. is a credit restoration/credit repair service.

11. Teodosio's internet sites include nationalcm.com, goodbyedebtnow.com, and integritydebtreliefgroup.com.

12. Teodosio is associated with Liberty Credit Repair Consultants, LLC and National Credit Masters, Inc. of Westerly RI.

STATEMENT OF FACTS AS TO BOTH DEFENDANTS

13. True Debt Relief is the debt elimination service in which Daley and Teodosio participated, directly or indirectly.

14. Through True Debt Relief, Teodosio operated with a principal company, CMS, pursuant to which Daley purports to assume the liability of their customers.

15. Teodosio claimed to be the agent of Daley in operating the debt elimination service in Connecticut.

16. Daley communicated with plaintiff and others in Connecticut in furtherance of the program he devised and operated in Connecticut with the cooperation and participation of Teodosio.

17. Bradford Daley drafted or provided various documents sprinkled with legal citations used in conjunction with the debt elimination program for use by plaintiff and other

customers of Teodosio.

18. As Daley explained to Teodosio who explained it to plaintiff in March, 2009, the program involved assigning her debts to Daley, who would remit a payment check to her creditors from funds provided by plaintiff with a novation printed on the back of the check. Creditors who ignored the novation would be subject to legal penalties. Fees for the program could be paid by charging the fees to the credit cards that would be assigned to Daley.

19. Teodosio repeatedly assured plaintiff that the system was legal and foolproof and that the defendants would handle collection attempts and make the creditors / collectors pay for collection attempts.

20. As Daley explained to Teodosio who explained to plaintiff, plaintiff's credit would be adversely affected for a time, but after a few months all the adverse credit marks could be removed.

21. At the time he made these representations to plaintiff, Teodosio personally knew that the program had not worked for himself (American General Financial Services v. Teodosio, Docket CV-086002899S (Superior Court, New Haven CT), or for other customers who have been sued despite the "novation."

22. Plaintiff paid some $11,000 in fees to Teodosio, who shared them with Daley.

23. Defendants represented that they would eliminate plaintiff's liability on some $175,000 in credit card debt to eight creditors, including Citibank.

24. Defendants did not eliminate plaintiff's liability to any of her creditors.

25. Defendants could not eliminate plaintiff's liability to any of her creditors.

26. Defendants did not attempt to communicate with Citibank, because they knew

Citibank immediately sues anyone who operates through a debt settlement program other than a bona fide credit counseling service.

27. Defendants' program was not a bona fide credit counseling service.

28. Thereafter, plaintiff began receiving collection demands which she dutifully turned over to Teodosio for handling, who forwarded them to Daley for handling.

29. Teodosio handled all communications between plaintiff and Daley.

30. Daley provided legal advice to plaintiff by sending her a 13-page letter to submit to the collection agency that attempted to collect her Sears account.

31. When plaintiff refused to use the letter, he provided another letter for her to send.

32. On January 10, 2010, Daley falsely assured plaintiff that all services "have been and are been [sic] performed." Further:

> As regard the case which concerns you at this time, an offer on your Sears credit card account # [xxxx] in the name of Barbara Irving, was presented to Sears by CMS, including a consideration check, on 9/29/09 and accepted through cashing of the check on 8/3/09, which created very favorable new terms and conditions. Since then, everything has gone as expected. Consider the fact that if Sears credited negative reports every month to all 3 credit reporting agency's, they have incurred $7500 per month in penalties for each month. That should be a very comforting thought for you, knowing this can be used as the basis for a setoff claim should a suit be threatened or filed."

33. Defendants knew or should have known that their representations to plaintiff were deceptive or misleading.

34. Defendants had a pattern or practice of misrepresenting their ability to eliminate debts.

35. Defendants' operations have been the subject of numerous complaints about not providing the services promised.

36. Plaintiff's credit and credit reports were severely adversely affected, which will haunt plaintiff for at least the next seven years.

SECOND COUNT: CUTPA

Plaintiff repeats and realleges paragraphs 3-36 as if fully set forth herein.

THIRD COUNT: CONVERSION

Plaintiff repeats and realleges paragraphs 3-36 as if fully set forth herein

FOURTH COUNT: breach of contract

Plaintiff repeats and realleges paragraphs 3-36 as if fully set forth herein.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, statutory, compensatory and punitive.

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

2. Award declaratory and injunctive relief, and such other and further relief as law or equity may provide.

THE PLAINTIFF

*/Joanne S. Faulkner/*

BY___/Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 AVON STREET
NEW HAVEN, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net

Certificate of Service

I hereby certify that on July 22, 2010, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

____/s/ Joanne S. Faulkner___
Joanne S. Faulkner